UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
DWAYNE ANDREWS,

                                Plaintiff,

                        - against -

PROFESSIONAL PARATRANSIT,

                                Defendant.
----------------------------------------------------------- x

**MEMORANDUM & ORDER**

10 CV 3447 (RJD) (RML)

DEARIE, District Judge.

      Pro se plaintiff Dwayne Andrews sues his former employer Professional Paratransit (a.k.a. PTM Transit Corporation) for race discrimination in violation of Title VII. Andrews worked for defendant from 2003 to 2006, driving disabled residents for the City's Access-a-Ride program. Plaintiff, who is African-American, alleges that defendant refused to rehire him in September 2006 because of his race. Defendant responds that plaintiff's positive cocaine test that same month disqualified him from driving, and moves for summary judgment. Because plaintiff cannot raise a genuine fact issue showing that defendant's reason for not rehiring him was racially motivated, the Court grants defendant's motion for summary judgment.

      Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Title VII, plaintiff has the initial burden of making a prima facie case of race discrimination, which defendant can rebut with a legitimate, non-discriminatory reason for taking the challenged action—in Andrews's case, refusing to rehire him.[1] See McDonnell

---

[1] In his complaint, plaintiff alleges the following additional adverse actions: termination, retaliation, and "conspiracy." Plaintiff's main concern, however, is defendant's refusal to rehire him in September 2006. He does not offer any arguments or evidence to support a prima facie case of discrimination on these additional grounds.

Douglas Corp. v. Green, 411 U.S. 792, 802-803 (1973). The burden then returns to plaintiff, who must "point to evidence that reasonably supports," the conclusion that defendant's legitimate reason is a pretext for race discrimination. Garcia v. Hartford Police Dep't, 2013 WL 309981, at *5 (2d Cir. Jan. 28, 2013) (per curiam) (affirming summary judgment for defendant) (internal quotation marks and citation omitted).

Assuming that plaintiff may state a prima facie case, Andrews cannot rebut Professional Paratransit's non-discriminatory reason for not rehiring him, namely, plaintiff's positive drug test. Defendant produces two contracts—one internal to the company and one for drivers in the Access-a-Ride program—as evidence that it required drivers to take, and pass, drug screens. Plaintiff does not dispute these policies, but cites two comments by co-workers that his "black ass" was not welcome.[2] If made, these callous remarks by co-workers, standing alone, do not dispel defendant's non-discriminatory reason for deciding not to rehire plaintiff. Andrews also claims, without support, that the urine used in his September 2006 drug test belonged to someone else because he was not using cocaine at that time. "Even in the discrimination context . . . plaintiff must provide more than conclusory allegations. . . ." Holcomb v. Iona Coll., 521 F.3d 130, 137 (2d Cir. 2008)). Andrews has not, and he cannot survive summary judgment.

---

[2] Defendant denies its employees made these, or any other, racial comments.

For the reasons stated above, defendant's motion is granted. Appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3). Therefore, the Court denies in forma pauperis status for the purpose of appeal. The Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: Brooklyn, New York
Feb. 12, 2013

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge